450 A.2d 751

**Toyoka LaROCCA, Sam LaRocca and Toyoka LaRocca, as Administratrix of the Estate of Scott Anthony LaRocca, Deceased, Appellants**

v.

**AETNA LIFE AND CASUALTY COMPANY, INC., a corporation.**

Superior Court of Pennsylvania.

Argued March 17, 1982.

Decided Sept. 17, 1982.

Vacated and remanded Dec. 31, 1982.
See 455 A.2d 107.

Karl W. Wiedt, Pittsburgh, for appellants.

James F. Manley, Pittsburgh, for appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

Appellants have appealed from the Order of the lower court dated June 29, 1981, which (1) granted judgment in favor of Aetna Life and Casualty Company, Inc. (Aetna) on Appellants' claims for work loss and survivor's loss benefits under the No-fault Motor Vehicle Insurance Act,[1] (2) dismissed Appellants' claims for those benefits as untimely and, (3) overruled Aetna's Motion for Judgment on the Pleadings with respect to Appellants' claims for allowable expense limits related to funeral and burial expenses.

Appellants entered suit by Writ of Summons on July 23, 1980 against Aetna, following the death on August 13, 1978 of their son, who died as a result of injuries suffered in an automobile accident. The decedent was a passenger in the vehicle of Christine Leo, who was insured by Aetna. Appellants and decedent were not covered by any motor vehicle insurance. Appellants' Complaint in Assumpsit requested payment of (1) $15,000 in work loss benefits, (2) $5,000 in survivor's loss benefits, (3) $3,402.00 as reimbursement for

1. Act of July 19, 1974, P.L. 489, No. 176, eff. in 12 months, 40 P.S. §§ 1009.101 et seq.

funeral expenses, and (4) interest, costs and attorney's fees. The Complaint further alleged that demands for these sums had been refused by Aetna.[2]

Aetna's Answer and New Matter alleged that Appellants were not entitled to any benefits and further, that Appellants' cause of action was barred by the statute of limitations of the No-fault Act, 40 P.S. 1009.106(c)(2).

Appellants argue on appeal[3] that the lower court erred in determining that the appropriate statute of limitations concerning recovery of work loss benefits claimed on behalf of a deceased victim[4] under the No-fault Act (hereinafter the Act) was one year.

We have previously stated that post-mortem work loss benefits are recoverable by the survivors of the deceased victim, but are not considered survivor's benefits under the Act. *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company,* 293 Pa.Super. 483, 439 A.2d 678 (1981), citing *Allstate Insurance Company v. Heffner,*[5] 491 Pa. 447, 421 A.2d 629 (1980); *Daniels v. State Farm Mutual Automo-*

---

**2.** It is undisputed that no benefits had been paid to Appellants or the deceased at the time this appeal was filed.

**3.** At the time this appeal was docketed, it would appear that the appeal was interlocutory, as Appellants' claim for funeral and burial expenses was still before the lower court. It is clear that an order dismissing some, but not all, counts of a multi-count complaint is interlocutory, as appellant has not been put out of court. *Bracken v. Bracken,* 294 Pa.Super. 371, 439 A.2d 1247 (1982).

However, since the docketing of the appeal in the instant case, counsel for Appellants has notified the court by letter dated April 12, 1982 that the claim for funeral and burial expenses had been paid in the amount of $1,500 by Appellee and that Appellants wished to withdraw their appeal concerning their claim for survivor's benefits. Therefore, as only the issue remaining is the claim for work loss benefits, which the lower court dismissed, we will consider this issue of appealability of the instant case as moot.

**4.** In *Freeze v. Donegal Mutual Insurance Company,* 301 Pa.Super. 344, 447 A.2d 999 (1982) we held that the estate of a deceased victim is entitled to recover work loss benefits under the No-fault Act, as well as a "survivor" or "victim", as defined by the Act.

**5.** In *Allstate v. Heffner,* the supreme court affirmed the determination of this court in *Heffner v. Allstate Insurance Company,* 265 Pa.Super. 181, 401 A.2d 1160 (1979).

*bile Insurance Company,* 283 Pa.Super. 336, 423 A.2d 1284, 12 A.L.R. 4th 968 (1980).

The issue now before us has recently been decided in *Guiton v. Pennsylvania National Mutual Casualty Insurance Company,* 301 Pa.Super. 146, 447 A.2d 284 (1982). This court in *Guiton* held that the proper statute of limitations for recovery of work loss benefits involving a deceased victim where no previous work loss benefits have been paid is the six year limitation period for general contract actions.

Therefore, the Order of June 29, 1981 is reversed as to the granting of judgment in favor of Appellee and as to the dismissal of Appellant's claim for work loss benefits and the case remanded for further proceedings not inconsistent with this opinion.