457 A.2d 1315

**Toyoka LaROCCA, Sam LaRocca and Toyoka LaRocca, as Administratrix of the Estate of Scott Anthony LaRocca, Deceased, Appellants,**

v.

**AETNA LIFE AND CASUALTY COMPANY, INC.**

Superior Court of Pennsylvania.

Argued March 17, 1982.

Filed March 25, 1983.

Karl W. Wiedt, Pittsburgh, for appellants.

James F. Manley, Pittsburgh, for appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

On September 17, 1982, this panel filed an opinion in the above-captioned case. *Toyoka LaRocca et al. v. Aetna Life and Casualty Co., Inc.*, 304 Pa.Super. 421, 450 A.2d 751 (1982). Pursuant to a petition for allowance of appeal by Aetna Life and Casualty Company, the Supreme Court of Pennsylvania, by per curiam order [1] dated December 31, 1982, granted Aetna's petition, vacated our order in this case and remanded to this court for consideration in light of the supreme court's opinion in *Sachritz v. Pennsylvania National Mutual Casualty Insurance Company*, 500 Pa. 167, 455 A.2d 101 (1982) (hereinafter *Sachritz*).

In our previous opinion in this case, we held that the proper statute of limitations for recovery of work loss benefits involving a deceased victim where no previous work loss benefits had been paid was six years, based on the decision in *Guiton v. Pennsylvania National Mutual Casualty Insurance Company*, 301 Pa.Super. 146, 447 A.2d 284 (1982).[2]

However, the supreme court in *Sachritz* determined, inter alia, that work loss benefits, as well as other benefits under the No-fault Act [3] belonging to the insured or a deceased insured's representative, are subject to a two year statute of limitations. *Sachritz* further held that 40 P.S. § 1009.106(c)(1) governed "post-mortem" work loss benefits.

In reviewing the facts of the instant case, the record indicates that the deceased died on August 13, 1978 as a result of injuries received in an automobile accident on that

1. *Toyoka LaRocca et al. v. Aetna Life and Casualty Co., Inc.*, 500 Pa. 178, 455 A.2d 107 (1982).

2. We note that on petition for allowance of appeal, the supreme court has granted the petition for review and vacated and remanded the case to the superior court in *Guiton. Pennsylvania National Mutual Casualty Insurance Company v. Guiton*, 500 Pa. 179, 455 A.2d 108 (1983).

3. Act of July 19, 1974, P.L. 489, No. 176, eff. in 12 months, 40 P.S. §§ 1009.101 *et seq.*

date. The writ of summons, entering suit in assumpsit, was filed on July 23, 1980. Therefore, as suit was instituted within two years after the victim suffered the loss, as required by section 106(c)(1) of the No-fault Act, the action was timely.

We note that the original appeal to this court brought two distinct issues for our review, both involving the period within which suit may be commenced. The one issue, relating to the appropriate statute of limitations to be applied to claims for survivor's loss benefits was withdrawn by appellants in open court at time of oral argument, which withdrawal was thereafter confirmed by formal letter to the court. As to the second issue, relating to the statute of limitations to be applied on claims for work loss benefits, we had previously reversed the trial court's order which granted judgment on the pleadings against appellants, but applied an incorrect limitations period.

Since we now conclude that by applying the correct rule as set forth in *Sachritz* the action continues to have been timely filed, we again reverse so much of the trial court's order as granted judgment in favor of Aetna Life and Casualty Company on the claim for work loss benefits (and dismissed the complaint for work loss benefits as untimely) and remand the case for further proceedings consistent with this opinion. Jurisdiction is not retained.