423 A.2d 1284

**Sharon Brawdy DANIELS, an individual and Sharon Brawdy Daniels, parent and natural guardian of Robert George Daniels, a minor,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed Dec. 29, 1980.

Richard Federowicz, Pittsburgh, for appellant.

Mark E. McKinney, Pittsburgh, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order granting summary judgment. The principal issue is whether the lower court was correct in holding that a minor child should as a matter of law be considered dependent on his father and therefore entitled to survivor's loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act.[1] A second issue is whether we should remand to permit a claim to be made for work loss benefits under our decision in *Heffner v. Allstate Insurance Company*, 265 Pa.Super. 181, 401 A.2d 1160 (1979).[2]

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 *et seq.*

2. When this case was argued to us, *Heffner* was on appeal in the Supreme Court of Pennsylvania. We therefore delayed our consider-

On April 30, 1977, Robert Daniels was killed in a motor vehicle accident, which occurred when he was an uninsured passenger in an uninsured truck. Daniels was married to Sharon Brawdy Daniels and they had a child, Robert. On behalf of herself and Robert, Sharon Daniels filed a claim for survivor's loss benefits with the Assigned Claims Bureau. The claim was assigned to State Farm Mutual Automobile Insurance Company. When State Farm took the deposition of Sharon Daniels, she said that Daniels had never supported her or their child; that they had separated after only four months of marriage and less than one month after their child was born; and that at the time of the accident, they were in the final stage of obtaining a divorce. State Farm refused payment, and both sides moved for summary judgment. The lower court held that Sharon Daniels and Robert were both survivors within the No Fault Act definition of survivor.[3] Slip op. at 3–4. The court—not explicitly but by its failure to act upon it—denied the motion for summary judgment in favor of Sharon Daniels as an individual, on the ground that in view of the divorce action, her loss was uncertain, but it granted the motion in favor of Robert, on the ground that it could find that his loss would exceed the statutory maximum of $5,000, since he was less than a year old at the time of his father's death. State Farm has appealed the summary judgment in favor of Robert.

ation. The Supreme Court has now affirmed. *Allstate Insurance Company v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980).

3. The No Fault Act definitions of "survivor" and "survivor's loss" are:
"Survivor" means:
(A) spouse; or
(B) child, parent, brother, sister or relative dependent upon the deceased for support.
"Survivor's loss" means the:
(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and
(B) * * *
40 P.S. § 1009.103.

In construing the No Fault Act we are aided by a vigorous statement of legislative findings and intent. The General Assembly found that "the maximum feasible restoration of all individuals injured and compensation of the economic losses of the survivors of all individuals killed in motor vehicle accidents on Commonwealth highways, in intrastate commerce, and in activity affecting intrastate commerce is essential to the humane and purposeful functioning of commerce." 40 P.S. § 1009.102(a)(3). It therefore declared its policy to be "to establish . . . a statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims." 40 P.S. § 1009.102(b).

The question of whether as a matter of law a minor child is dependent upon a parent for purposes of survivor's loss benefits under the No Fault Act is one of first impression. Appellant cites several cases where courts have required evidence of actual dependence and loss. *Midboe v. State Farm Mutual Automobile Insurance Co.*, 8 D. & C.3d 83, *affirmed per curiam*, 261 Pa.Super. 447, 395 A.2d 991 (1978); *Saur v. Travelers Insurance Co.*, 60 Erie L.J. 107 (1977); *Dennis v. Ohio Casualty Insurance Co.*, 61 West.L.J. 28 (1977). In each of these cases the deceased victim was the child of the person claiming survivor's loss benefits. In both *Midboe* and *Saur* the victim was not currently providing any parental support. In *Midboe* the court rejected the mother's argument that proof that her son would probably have supported her sometime in the future should make her a survivor under the No Fault Act. In *Dennis* the victim had been providing a relatively small amount of support to his mother. The court held that whether this amount made the mother a survivor eligible for survivor's loss benefits was a question of fact. These cases do not help us, for whether a parent should be regarded as dependent upon a child is an entirely different question from whether a child should be regarded as dependent upon a parent. 48 P.S. § 131 and 62 P.S. § 1973 establish the parent's duty to support a minor child; 18 Pa.C.S.A. §§ 4304, 4321 provide

criminal sanctions for failure to fulfill that duty. A father's duty to support his child is not ended by a divorce from the child's mother. *Silverstein v. Silverstein*, 246 Pa.Super. 503, 371 A.2d 948 (1977). Thus, here there can be no question but that the deceased had a legal duty to support his son Robert, and that in the normal course of events, that duty would have continued for at least another 17 years.

Our Supreme Court has considered the issue of whether as a matter of law a minor child is dependent upon a parent in the context of an action brought under the Wrongful Death Act, 42 Pa.C.S.A. § 8301 et seq. In *Gentile v. Philadelphia & Reading Rwy*, 274 Pa. 335, 118 A. 223 (1922), the Court held:

> A husband and father is presumed to perform the legal duty of supporting his wife and minor children; *in any event, they are entitled to what the law would have compelled him to furnish them, whether he had previously done so or not.*

*Id.*, 274 Pa. at 339, 118 A. at 224 (emphasis added). The Court has twice repeated this holding verbatim. *DeSantis v. Maddalon*, 348 Pa. 296, 300, 35 A.2d 72, 74 (1944); *Walbert v. Farina*, 411 Pa. 400, 404, 192 A.2d 404, 407 (1963). These cases do help us; indeed, we think them controlling. Given the very broad remedial intent of the No Fault Act, we should if anything be even readier to find coverage under the No Fault Act than under the Wrongful Death Act. It may be that before his father's death, Robert was receiving less than he was entitled to. At most he will now be more nearly in the position he should have been in all along. To deny him survivor's loss benefits because his father failed to support him would be to say that a parent's failure to fulfil the legal duty of child support should redound to the benefit of a No Fault insurance carrier.

The Kansas Court of Appeals has decided a case factually very similar to this one. *Hand v. State Farm Mutual Automobile Insurance Co.*, 2 Kan.App.2d 253, 577 P.2d 1202 (1978). In *Hand*, as in the case before before us, the deceased victim was in the process of obtaining a divorce;

he had informally agreed to pay $50 a month in support for his young child pending the divorce, but had not done so. The court held:

> [A] survivor need not prove actual economic loss to be entitled to survivors' benefits . . . The phrase "loss of an injured person's monthly earnings after his or her death" refers to the loss of earning power occasioned by the death of the insured and is not measured by the actual loss of the survivors.

> *Id.* at ——, 577 P.2d at 1205.

In considering this statement, one should note that the Kansas No Fault Act has a much more restricted definition of "survivor" than does the Pennsylvania Act:

> "Survivor" means a decedent's spouse or child under the age of eighteen (18) years, where the death of the decedent resulted from an injury.

> KSA 1977 Supp. 40–3103(x).

Thus, under the Kansas Act, survivor's loss benefits are more limited than in Pennsylvania, where they extend not only to a decedent's spouse or minor child but to a "child, parent, brother, sister or relative dependent upon the deceased for support."[4] It is nevertheless the case that in Kansas it has been held that the No Fault Act should be construed to mean that in determining eligibility for survivor's loss benefits, a minor child is as a matter of law dependent upon a deceased parent, so that no evidence of actual dependence or loss is required.

■ Given the decisions of our Supreme Court under the Wrongful Death Act, and the General Assembly's vigorous statement of its findings and intent in enacting the No Fault Act, we conclude that for purposes of determining eligibility for survivor's loss benefits under the No Fault Act, a minor child is as a matter of law dependent upon a deceased parent.

4. *See* footnote 3, *supra*.

2

The complaint in this case was filed on April 24, 1978. It specifically averred that State Farm had failed to pay survivor's loss benefits and it claimed damages of $5,000, which is the maximum amount allowed by the No Fault Act, 40 P.S. § 1009.202(d). As has been mentioned, the lower court entered summary judgment for that amount against State Farm and in favor of Sharon Daniels as parent and natural guardian of Robert. That occurred on April 4, 1979. On April 12, 1979, we filed our opinion in *Heffner v. Allstate Insurance Company supra,* holding that under the No Fault Act, the survivor of a deceased victim is eligible for work loss benefits as well as survivor's loss benefits. Sharon Daniels now asks, in her brief at 14, not only that we affirm the order of the lower court, which we shall do, as discussed in the preceding part of this opinion, but also that we "remand[ ] to the Court below for further proceedings to compute the amount of survivor's loss consistent with the recent pronouncement of this Court in [*Heffner*] ..."

▮ Ordinarily a decision announcing a change in the law will be applied to cases pending on direct appeal. *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Commonwealth v. Williams,* 232 Pa.Super. 339, 331 A.2d 875 (1974). However, *Heffner* did not change the law; it rather decided an issue of statutory construction not previously decided by an appellate court. Such an interpretation of legislative intent is regarded as part of a statute from the time the statute was enacted. *Harry C. Erb, Inc., v. Schell Construction Co., Inc.,* 206 Pa.Super. 388, 213 A.2d 383 (1965); *Buradus v. General Cement Products,* 356 Pa. 349, 52 A.2d 205 (1947). Thus, our decision in *Heffner* did not create a new right to work loss benefits. That right existed all along. Contrary to appellee's suggestion, in *Heffner* we did not redefine survivor's loss; we simply analyzed the distinctions between work loss and survivor's loss, noting that in the case of a deceased victim the work loss claim is comparable to a survival action and the survivor's loss claim is comparable to a wrongful death action. 265

Pa.Super. at 181;  401 A.2d at 1164–1165;  *See also*, 491 Pa. at 461, 421 A.2d at 636 (Supreme Court slip op. at 13–15). So viewed, work loss benefits are a separate type of benefit, which in the present case might have been claimed but were not;  the complaint only claimed survivor's loss benefits, in the maximum amount of $5,000, and judgment in that amount was entered.

■   In these circumstances, remand to permit a claim to be made for work loss benefits would be unwarranted.  If such a claim is to be made, it must be by a separate action. We intimate no opinion as to what the outcome of such an action should be.

Affirmed.[5]

---

**5.**  It is not clear to us that the lower court's entry of judgment for $5,000, the maximum amount of survivor's loss payable under the No Fault Act, was proper, since the Act, 40 P.S. § 1009.106(a)(1), provides that benefits are payable monthly as loss accrues.  However, as State Farm did not object to entry of judgment for the lump sum in either the lower court or this court, we shall not disturb the lower court's order.