449 A.2d 40

**Jerold D. WINGEART, Administrator of the Estate of John Jerold Wingeart, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

Superior Court of Pennsylvania.

Argued March 24, 1981.

Filed Aug. 6, 1982.

William C. Gierasch, Jr., York, for appellant.

George F. Douglas, Jr., Carlisle, for appellee.

Richard C. Angino, Harrisburg, amicus curiae on behalf of the Pennsylvania Trial Lawyers Association.

Before PRICE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

John Jerold Wingeart, a 23 year old resident of Maryland, was killed when the vehicle in which he was riding as a passenger left the highway and struck a tree in York County, Pennsylvania. The vehicle, which ws operated by Suzanne M. Garrett, also deceased, had been insured by State Farm Mutual Automobile Insurance Company (hereinafter "State Farm"), which provided coverage under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489 No. 176, 40 P.S. § 1009.101 et seq. Jerold D. Wingeart, the administrator of the estate of his deceased son, made a claim against State Farm for work loss benefits under the Pennsylvania No-fault Act. The claim was denied on grounds that work loss benefits were not recoverable by the estate of a deceased victim under the Pennsylvania statute. An action in assumpsit was then filed by Wingeart to recover work loss benefits in the amount of $15,000. State Farm responded by filing preliminary objections in the nature of a demurrer, asserting that work loss benefits were not "a proper element of damage under the Pennsylvania No-fault Motor Vehicle Insurance Act." When the trial court agreed with this contention and sustained the insurer's preliminary objections, this appeal followed. By agreement of counsel, argument was delayed pending decision of the Supreme Court in *Allstate Insurance Company v. Heffner* and *Pontius v. United States Fidelity and Guaranty Company*, 491 Pa. 447, 421 A.2d 629 (1980), *aff'g, Heffner v. Allstate Insurance Company*, 265 Pa.Super. 181, 401 A.2d 1160 (1979). These decisions have now established that survivors of deceased victims of vehicular accidents are entitled to recover work loss benefits.

■ Appellee argues that the trial court's decision was nevertheless correct because a decedent's estate is not a "survivor" and, therefore, not entitled to recover work loss benefits under the No-fault Act. The same argument was made and rejected by this Court in *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super. 344, 447 A.2d 999 (1982). In that case the decedent had been eleven years of

age at the time of his death, and his father, the administrator of his estate, had not been dependent upon him for support. This Court held that under such circumstances the estate of the deceased victim was entitled to recover work loss benefits under the No-fault Act. The decision in *Freeze* is controlling of the instant appeal. *See also Chesler v. Government Employees Insurance Company*, 302 Pa.Super. 356, 448 A.2d 1080 (1982).

■ Appellee argues additionally that the trial court's decision should be upheld because the decedent, at the time of his death, was a resident of Maryland and, therefore, entitled only to benefits provided under the Maryland no-fault plan. Whether the Maryland statute, which does not restrict the right to bring a common law action for negligence, is a "no-fault plan" for purposes of applying Maryland law under Section 110(c) of the Pennsylvania Act, 40 P.S. § 1009.110(c)(1), was not raised by appellee's preliminary objections and was not considered by the trial court.[1]

1. Section 110(c)(1) of the Pennsylvania No-fault Motor Vehicle Insurance Act provides:

The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. If there is no such state no-fault plan in effect or if the victim is not domiciled in any state, then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.

The Insurance Commissioner of Pennsylvania has adopted a regulation which provides, in part, as follows:

A "state no-fault plan" is defined to be a plan which contains the following elements: (i) compulsory or mandatory automobile insurance, (ii) first party benefits, and (iii) a restriction on the right to bring action for noneconomic detriment, or a relevant change in the evidentiary rules of practice and proof with respect to these actions.

Title 31, Pennsylvania Code, Section 66.41(b)(2).

To the extent that this regulation precludes the applicability of a compulsory insurance law enacted by a sister state because it does not restrict the right to bring a common law action for damages, appellant seeks to have it declared invalid. Such a regulation, it is argued, is inconsistent with the intent of Section 110(c) of the

Consequently, it is not properly before this Court on appeal. *See City of Pittsburgh v. Pennsylvania Department of Transportation,* 490 Pa. 264, 270 n.7, 416 A.2d 461, 464 n.7 (1980). *See also Tagnani v. Lew,* 493 Pa. 371, 426 A.2d 595 (1981); *Commonwealth v. National Federation of the Blind,* 471 Pa. 529, 536, 370 A.2d 732, 736 (1977); *Gibson v. Miller,* 265 Pa.Super. 597, 602, 402 A.2d 1033, 1036 (1979).

Reversed and remanded for further proceedings.

Pennsylvania No-fault Act, contrary to public policy, and an unnecessary encroachment upon the conflict of laws rule applicable to the interpretation of contracts made in and regulated by another state.