534

450 A.2d 1366

W. James BEAMSDERFER, Administrator of the Estate of
Melissa Beamsderfer, Appellant,

v.

DONEGAL MUTUAL INSURANCE CO.

Superior Court of Pennsylvania.

Submitted May 3, 1982.

Filed Sept. 24, 1982.

Anthony J. Gerace, Jr., State College, for appellant.

George R. Klotzbaugh, State College, for appellee.

Before CERCONE, President Judge, and ROWLEY and CIRILLO, JJ.

CERCONE, President Judge:

The disposition of this case is controlled by *Freeze v. Donegal Mutual Ins. Co.,* 301 Pa.Superior Ct. 344, 447 A.2d 999 (Opinion by Cercone, P. J.).

This is an action for post-mortem work loss benefits under the Pennsylvania No-fault Motor Vehicle Insurance Act[1] brought by the estate of a minor killed in an automobile accident July 21, 1980. The estate requested payment of post-mortem work loss benefits, but the appellee insurance company refused to pay, at which point the estate filed the instant law suit. Appellee filed a motion for judgment on the pleadings, which motion was granted and judgment entered. This timely appeal by the estate followed.

Melissa Beamsderfer was thirteen years of age at the time of her death. Like John Freeze,[2] she had never worked. In granting the insurance company's motion for judgment on the pleadings the lower court concluded that only "victims or the survivors of deceased victims" can recover under the Act. It essentially drew the same distinction between "victim" and "deceased victim" which we thought we had laid to rest when we decided *Heffner v. Allstate Ins. Co.,* 265 Pa.Superior Ct. 181, 401 A.2d 1160 (1979).[3] The court went on to conclude that although Melissa's parents fit the definition of "survivors" under Section 103 of the No-fault Act[4]

1. Act of July 19, 1974, P.L. 489, No. 176; 40 P.S. §§ 1009.101 *et seq.* (Supp. 1980–81). Hereinafter referred to as the Act or the No-fault Act.

2. See *Freeze v. Donegal Mutual Ins. Co.,* supra.

3. *Aff'd sub nom. Allstate Ins. Co. v. Heffner,* 491 Pa. 447, 421 A.2d 629 (1980).

4. " 'Survivor' means:
   (a) spouse; or
   (b) child, parent, brother, sister or relative dependent upon the deceased for support." 40 P.S. § 1009.103

since they had admitted their lack of dependency they could not collect the post-mortem work loss benefits. The court also concluded that to allow the parents to collect would constitute a windfall.[5]

The lower court clearly erred when it ignored the import of the twin *Heffner* decisions. The No-fault Act makes no distinction between "victim" and "deceased victim" insofar as work loss benefits are concerned. Moreover, in considering the question of survivorship it entirely missed the point of the cause of action before it. This was not a suit *by the parents* for work loss to their daughter, it was a suit *by the estate!* The parents' survivorship is entirely irrelevant to this action for post-mortem work loss benefits. As we recently indicated in *Freeze v. Donegal Mutual Ins. Co.,* supra, survivorship is simply not pertinent to an action by an estate for work loss benefits. Since we have again ruled that survivorship is not pertinent to whether an estate may collect post-mortem work loss benefits we need not address the question of whether the court erred in ruling that the parents of a deceased victim must show "dependency" in order to collect survivors loss benefits. That question is not relevant here. *Cf., Chesler v. Government Employees Ins. Co.,* 302 Pa.Superior Ct. 356, 448 A.2d 1080 (1982) (Opinion by Cercone, P. J.) (Refutes notion that all "survivors" of a deceased victim, spouses excepted, must show dependency in order to collect survivor's loss benefits.)[6]

Because the lower court granted the insurance company's motion for judgment on the pleadings erroneously we now reverse and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

**5.** Exactly how collection of payments for losses insured under a paid-up policy of insurance constitutes a windfall is unclear. To our minds insurance companies are in the business of insuring against the risk of loss. They are not merely in the business of collecting premium payments.

**6.** *But see, Midboe v. State Farm Mut. Auto. Ins. Co.,* 8 D. & C. 3d 83, *aff'd per curiam* 261 Pa.Superior Ct. 447, 395 A.2d 991 (1978) (Without opinion), *aff'd by an evenly divided court,* 495 Pa. 348, 433 A.2d 1342 (1981).