452 A.2d 870

**Thomas ANFUSO, Administrator of the Estate of Nicole Marie Anfuso, Deceased**

**v.**

**ERIE INSURANCE GROUP, Appellant.**

Superior Court of Pennsylvania.

Argued April 7, 1981.

Filed Nov. 19, 1982.

568

Michael P. Shay, Bethlehem, for appellant.

Glenn D. McGogney, Allentown, for appellee.

Before SPAETH, CAVANAUGH and VAN der VOORT, JJ.

VAN der VOORT, Judge:

■ The issue in this case is whether the estate of a nine year old child who was killed in an automobile accident is entitled to recover work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 P.S. 1009.101, et seq.

The facts are not in dispute. Nicole Marie Anfuso, a nine-year-old girl, was struck and killed by a motor vehicle on August 22, 1979, while operating her bicycle on Middletown Road in Bethlehem, Pennsylvania. Erie Insurance Group, the appellant herein, had issued a policy of automobile insurance to Thomas Anfuso, father of the child and appellee herein, which provided benefits pursuant to the requirements of the Pennsylvania No-Fault Act. The appellee was appointed administrator of his daughter's estate. In that capacity, he demanded payment from the appellant of work loss benefits of $15,000 because of the death of his daughter. The appellant denied liability and refused payment. The appellee then petitioned for a Declaratory Judgment that, as the administrator of his daughter's estate, he was entitled to recover work loss benefits on her behalf. The Court below issued a Declaratory Judgment to that effect, but without determining the amount of those benefits because of lack of evidence on the issue. A Court en banc dismissed appellant's Exceptions and entered the Declaratory Judgment as the final judgment of the Court below.

The appellant has appealed from that ruling, contending: (1) that a nine-year-old child who has never been a member of the labor force would not be entitled to recover for work loss under the No-Fault Act; and, (2) even if she were so entitled, her estate may not recover such compensation on her behalf. We cannot accept either conclusion.

It is the appellant's argument that had the victim been permanently injured rather than killed, she would not have been entitled to work loss benefits because she obviously had no record of earnings in the work force, and her entry into the work force could not have taken place for at least seven

years after the accident. It is appellant's position that this time lapse would have deprived her of the right to work loss benefits because it would be beyond any of the time periods allowed by the No-Fault Act for the filing of an action to recover benefits. 40 P.S. 1009.106(c).

This argument confuses the limitations on the period within which an action may be filed with the accrual period within which income would presumably have been earned had the accident not intervened. The accrual period, while not defined in the Act, is defined in the Insurance Department regulations as "the number of weeks or fractions of weeks the victim sustains loss of income". 31 PA. Code 66.1–205(a)(2). The accrual period of work loss for the child in this case would be her entire work-life expectancy, which can be actuarialy calculated. The fact that her work life could not have begun for at least seven years after the accident is no barrier to a suit for work loss benefits if the suit is filed within the period mandated by Section 106(c) of the No-Fault Act. The time limitations of Section 106(c) apply to the filing of a suit, but have no relevancy to the time period within which the child would have been in the work force.

■ The fact that the victim had never entered the work force prior to her fatal accident is no deterrent to the calculation of a work loss benefit. *Freeze v. Donegal Mutual Insurance Co.,* 301 Pa.Super.Ct. 344, 447 A.2d 999 (1982). Section 205 of the No-Fault Act provides formulas for determining work loss benefits of a victim whether regularly employed, seasonably employed, or unemployed. The Section also provides that in the absence of a showing that income earned would have been some other amount, the income of one without an employment record shall be assumed to be the income of a production or non-supervisory worker in the non-farming industry.

■ We conclude that Nicole Marie Anfuso would have been entitled to work loss benefits had she been permanently injured rather than killed. Normally all causes of action,

other than libel or slander, survive the death of the party and may be pursued by the representative of his estate. Such benefits survived her death and vest in her personal representative by the terms of the *Probate, Estates and Fiduciaries Code,* 20 Pa.C.S.A. §§ 3371–3.

The appellant contends that even if this be true, her estate may not recover work loss compensation on her behalf. The argument runs that at the time the child was killed, the No-Fault Act did not authorize the estate of a victim of a fatal accident to recover work loss benefits; that a recent interpretation of the statute to the contrary by this Court should not be given retroactive application; and that even if such a ruling were to be applied retroactively to this case, work loss benefits are to be treated as an extension of survivor's benefits, payable only to one who qualifies as a survivor, namely, a spouse, child, parent, brother, sister or relative dependent upon the deceased for support, as defined by Section 103 of the No-Fault Act.

None of these arguments is valid. Both this Court and the Supreme Court have construed the No-Fault Act as vesting in the estate of a deceased victim the right to recover work loss benefits. *Freeze,* supra.; *Chesler v. Government Employees Insurance Company,* 302 Pa.Super.Ct. 356, 448 A.2d 1080 (1982); *Heffner v. Allstate Insurance,* 265 Pa.Super.Ct. 181, 401 A.2d 1160 (1979), affirmed, *Allstate Insurance Co. v. Heffner and U.S. Fidelity and Guaranty Co. v. Pontius,* 491 Pa. 447, 459–60, 421 A.2d 629, 636 (1980).

Prior to these decisions, the Pennsylvania insurance industry had taken the position that work loss benefits were not recoverable by the estate of a victim of a fatal accident. But their position represented only a litigant's interpretation of the statute, even though supported by four Common Pleas decisions, two of which were reversed in *Heffner.*

We ruled in *Daniels v. State Farm Mutual Auto Insurance Co.,* 283 Pa.Super.Ct. 336, 343, 423 A.2d 1284, 1288 (1980) that *Heffner* did not represent a change in the No-Fault statute. Rather, it was an interpretation of the Act not

previously decided by an Appellate Court of this Commonwealth. This interpretation of the statute is to be regarded as part of the legislation from the time of its enactment. We stated (283 Pa.Superior Ct. at 343, 423 A.2d 1284):

> However, *Heffner* did not change the law; it rather decided an issue of statutory construction not previously decided by an appellate court. Such an interpretation of legislative intent is regarded as part of a statute from the time the statute was enacted. *Harry C. Erb, Inc. v. Schell Construction Co., Inc.,* 206 Pa.Super.Ct. 388, 213 A.2d 383 (1975); *Buradus v. General Cement Products,* 356 Pa. 349, 52 A.2d 205 (1947). Thus our decision in *Heffner* did not create a new right to work loss benefits. That right existed all along.

Consequently, the basis for the argument that the right of an estate to recover work-loss benefits, first established in *Heffner,* should not have retroactive application disappears.

The appellant's next contention is that *Heffner* should be interpreted simply as an enlargment or redefination of a survivor's loss benefit, and that the administrator-appellee in this case has no standing to bring suit because he does not qualify as a survivor "dependent upon the deceased for support." 40 P.S. 1009.103. We ruled otherwise in *Freeze* and *Heffner* as well as in *Pontius v. U.S. Fidelity and Guaranty Co.,* which was reversed by us without opinion on the authority of *Heffner* and affirmed by the Supreme Court as part of its ruling in *Allstate Insurance Co.* Our position in the matter was explained in *Daniels,* where we stated 283 Pa.Super. at 343, 423 A.2d 1284:

> Contrary to appellee's suggestion, in *Heffner* we did not redefine survivor's loss; we simply analyzed the distinctions between work loss and survivor's loss, noting that in the case of a deceased victim the work loss claim is comparable to a survival action and the survivor's loss claim is comparable to a wrongful death action.

A work loss benefit under the No-Fault Act "is simply providing a certain measure of Survival Act damage on a no-fault basis". *Heffner,* 491 Pa. 447, 459, 421 A.2d 629.

Pursuing this analogy, we note that under the Survivor's Act, 42 Pa.C.S. § 8302, substantial recoveries have been awarded for work loss to estates of children less than nine years of age. *Incollingo v. Ewing,* 444 Pa. 263, 282 A.2d 206 (1971); *Weaver v. Ford Motor Co.,* 382 F.Supp. 1068 (E.D.Pa. 1974).

The Declaratory Judgment of the Court below that the appellee, as administrator of the estate of Nicole Marie Anfuso, has the right to recover work loss benefits from the appellant on behalf of the deceased under the Pennsylvania No-Fault Act and the policy of insurance issued by the appellant pursuant thereto, is affirmed.