452 A.2d 1388

**Eva TUBNER, Administratrix of the Estate of Jerry Amey, Deceased,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1981.

Filed Nov. 30, 1982.

Charles J. Duffy, Jr., Pittsburgh, for appellant.

Mark B. Aronson, Kenneth W. Behrend, Pittsburgh, for appellee.

Before CAVANAUGH, MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

The instant appeal concerns a question of wage loss benefits under the No-Fault Motor Vehicle Insurance Act. 40 P.S. § 1009.101 *et seq.*

The uncontested facts of the case are as follows:

Jerry Amey, a recent high school graduate, was seriously injured in a motor vehicle accident on October 3, 1977. He remained unconscious for months. On March 20, 1978, his mother, appellee herein, filed application in his name for basic loss benefits, wage benefits being one part of the demand.

On April 3, 1978, appellant insurance company acknowledged the right of the comatose victim to wage loss benefits. On May 17, 1978 the victim died. On May 25, 1978 appellee was appointed administratrix of her son's estate, and on June 15, 1978 she received $2,643.84 for wage loss benefits from appellant. This sum represented the amount owing to the deceased from the date of the accident to the date of his death. Appellant, however, has refused to issue further benefits up to the maximum of $15,000 which appellee seeks under the policy terms and the Act.

Appellee filed a Motion for Summary Judgment on the pleadings on February 11, 1980. Thereafter the parties stipulated to continue any argument on the matter until the case of *Allstate Insurance Co. v. Heffner,* 491 Pa. 447, 421 A.2d 629 (1980) should be decided by the Supreme Court.

In September of 1980, the Supreme Court decision in *Heffner* was published. That case rejected an argument

that "survivor's loss benefits" and "work loss benefits" over-lapped "in that each includes that portion of the deceased's income as would have been contributed to support his family and dependents" and thus would represent a double recovery if both were permitted to the widow in that case. The companion case, argued with *Heffner* and bearing the same citation, *Pontius v. United Fidelity and Guaranty Co.,* also concerned benefits for a spouse of a deceased victim; however, in that case the bereaved husband sued in the capacity of administrator of the estate. The Superior Court opinion in the *Pontius* matter was unreported and was based solely upon the *Heffner* opinion. The Supreme Court treatment of *Pontius* was also sketchy. *Sub silencio,* however, the issue of whether any distinction should be made between recovery for a spouse directly or as executor of an estate was settled: either way, the spouse recovered.

Using *Heffner, supra* as its guide, on December 22, 1980 the lower court issued an order granting summary judgment in the instant case and awarded the bereaved mother-administratrix the sum of $12,356.16. This represented the maximum wage payment under the Act, less the sum of $2,643.84 already paid and also less 15% for tax savings.

The appellant appealed on three grounds: (1) material issues of fact were in dispute, making summary judgment inappropriate; (2) a surviving parent must prove dependency upon the deceased in order to recover; (3) an estate is not a proper claimant for work loss benefits. We will consider these arguments in reverse order.

■ The case of *Freeze v. Donegal Mutual Insurance Co.,* 301 Pa.Super. 344, 447 A.2d 999 (filed 1982) stated as a holding the result already apparent in the *Heffner-Pontius* outcome:

> We hold today that the estate of a deceased victim is entitled to recover work loss benefits under the No-Fault Act. 301 Pa.Superior Ct. 354, 447 A.2d at 1004.

Therefore, appellant in the instant case cannot now dispute the lower court's decision to award a sum to the estate of Jerry Amey, an estate being a proper claimant.

■ The issue of whether a parent (as distinguished from a spouse) must prove "dependency" before being eligible for recovery of a decendent's wage loss has also now been settled. The case of *Chesler v. Government Employees Insurance,* 302 Pa.Super. 356, 448 A.2d 1080 (1982), companion case to *Freeze, supra,* has stated as follows.

> We hold today that the word "dependent" contained in the definition of "survivor" in Section 103 of the No-Fault Act does not modify the entire subsection, *i.e.* the words "child, parent, brother, sister" but was intended by the General Assembly to modify only the word preceeding it—"relative." (302 Pa.Superior Ct. at 365, 448 A.2d at 1085)

The mother of the decedent in *Chesler* was not dependent upon her son, but his estate, of which she was administratrix, was eligible for benefits. That situation is identical to the present case: this mother is also administratrix of her decedent son's estate, and the estate is a proper recipient of the funds.

■ Appellant also argues that material issues of fact are in dispute and that summary judgment was thus improper. One issue raised is the lack of proof in the record of dependency of the decedent's mother. However, as seen *supra,* the issue has been settled by the *Freeze* court: the status of "parent", like the status of "spouse" is sufficient to support recovery, and dependency need not be proved.

■ Appellants also argue that material issues of fact exist as to the formula that should apply to the calculation of benefits received. This argument once again attempts to distinguish "work loss" from "survivor's loss", but approaches the question as if it were factual rather than legal. In fact, however, the issue has been settled under the holding of *Heffner,* reviewed *supra.* The Supreme Court has already determined that recovery calculated as a survivor's loss and recovery calculated as work loss are distinct, and are not "double recovery." Qualified survivors are entitled to both. Appellant here asked for and received work loss benefits calculated from exactly the formula used

by appellees to calculate Jerry Amey's work loss prior to his death. No issue of material fact exists, and therefore, summary judgment on the undisputed facts of record is proper.

Order affirmed.