453 A.2d 12

**Robert S. OHRIN, Administrator of the Estate of Paul G. Ohrin, Deceased, and In His Own Right, Appellant**

v.

**ERIE INSURANCE EXCHANGE.**

Superior Court of Pennsylvania.

Submitted Sept. 14, 1982.

Filed Nov. 30, 1982.

Lee C. Swartz, Harrisburg, for appellant.

Clyde W. McIntyre, Harrisburg, for appellee.

Before CAVANAUGH, BECK and MONTEMURO, JJ.

MONTEMURO, Judge:

The instant appeal concerns a question of wage loss benefits under the No-Fault Motor Vehicle Insurance Act. 40 P.S. § 1009.101 *et seq.* The operative facts are these. On October 26, 1978, Erie Insurance Exchange (hereinafter appellee) issued a No-Fault motor vehicle insurance policy to Paul G. Ohrin (hereinafter referred to as deceased victim) in accordance with the Pennsylvania No-Fault Motor Vehicle Insurance Act. On May 24, 1979, the deceased victim was involved in a two-car motor vehicle accident which resulted in his death. At the time of his death the deceased victim was 21 years old, single, and without dependents.

On January 22, 1981 the deceased victim's father, (hereinafter appellant) in his capacity as administrator of his son's estate, instituted suit against appellee to obtain payment for work loss benefits as defined in the No-Fault Act. Appellee filed preliminary objections, in the nature of a demurrer and motion for more specific pleadings, asserting that the complaint failed to allege that appellant was "dependent" upon the deceased victim, and therefore was not a "survivor" entitled to benefits under the Act. In an order dated April 8, 1981, the lower court overruled and denied appellee's preliminary objections.

Subsequently, appellee filed an answer with new matter. The lower court reconsidered its order of April 8, 1981, on the basis of its holding on remand in *Pontius v. United States Fidelity & Guaranty Company* (Dauphin County, No. 2707–S–1977). On April 30, 1981, the lower court vacated its order of April 8, 1981 and ordered appellant to file an amended complaint alleging appellant's dependency upon the deceased victim, or suffer the sustaining of appellee's demurrer. On May 6, 1981, the order of April 30, 1981 was

then amended to permit the appellant to pursue an interlocutory appeal from it. Appellant's petition to appeal from an Interlocutory Order was granted by this court on September 22, 1981.

Appellant argues and appellee concedes, that the decision of this court is controlled by our recent holdings in *Freeze v. Donegal Mutual Insurance Company,* 301 Pa.Super. 344, 447 A.2d 999 (1982) and *Miller v. United States Fidelity and Guaranty Company,* 304 Pa.Super. 41, 450 A.2d 91 (1982).[1] We agree.

In *Freeze, supra,* on a set of facts almost identical to those in the instant case, we held that the estate of a deceased victim is entitled to recover work loss benefits under the No-Fault Act.

Subsequent to *Freeze, supra,* this court reaffirmed the holding of that case in *Miller, supra,* which also was a case brought by a personal representative to recover "work loss" benefits under the No-Fault Act. In *Miller, supra,* the court went on to examine certain definitional terms utilized in the No-Fault Act and then to elaborate upon the rational for one's entitlement to "work loss" benefits under the Act. In regard to the term "dependency", the court stated explicitly what was implicit in our holding in *Freeze, supra:*

> In assiduously reviewing the No-Fault Act, this court finds no requirement of proving "dependency" in order to recover "work loss". In fact, in defining "work loss", the No-Fault Act no where mentions survivor or survivors, thus no showing of dependency is necessary.
>
> (304 Pa.Superior Ct. at 54, 450 A.2d at 97) (Footnote omitted)

1. It is significant to note that while appellee takes exception to this court's holding in *Freeze v. Donegal Mutual Insurance Company,* 301 Pa.Super. 344, 447 A.2d 999 (1982) and *Miller v. United States Fidelity and Guaranty Company,* 304 Pa.Super. 41, 450 A.2d 91 (1982), they concede that these cases are controlling and agree that this court is bound to enter judgment in favor of the appellant in this action. (Appellant's Reply Brief, appendix)

Accordingly, the order of the lower court is reversed and the case is remanded for disposition not inconsistent with this opinion. Jurisdiction is relinquished.