456 A.2d 223

**Brian I. KING, Individually and/or as Administrator of the Estate of David J.I. King, Deceased, and on Behalf of All Members of a Class of Individuals Similarly Situated, Appellant**

v.

**LIBERTY MUTUAL INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued June 3, 1982.

Filed Feb. 18, 1983.

Morris M. Shuster, Philadelphia, for appellant.

John Carl Janos, Philadelphia, for appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

HESTER, Judge:

Appellant, Brian I. King, as Administrator of the Estate of his deceased son, David King, brought a suit in assumpsit against the appellee, Liberty Mutual Insurance Company. This action evolved from an automobile accident in which appellant's son was fatally injured when an automobile in which he was a passenger struck a utility pole. Since the appellant's deceased son was listed as an insured under a policy issued by the appellee to the appellant, appellant's complaint includes an allegation that appellant has been denied work loss benefits pursuant to the provision of the insurance policy and the Pennsylvania No-fault Motor Vehicle Insurance Act. In response to appellant's suit, appellee filed a motion for judgment on the pleadings which was granted by the lower court on October 23, 1981. It is from this Order that the appellant files this appeal.

The issue presented is whether the estate of a deceased victim is entitled to recover work loss benefits under our No-fault Act. Our court, recently sitting en banc, decided this issue in *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super. 344, 447 A.2d 999 (1982) (Hester, J., Dissenting). The majority of our court held that the estate of a deceased victim is entitled to recover work loss benefits under the No-fault Act.

The order is therefore reversed and the case remanded for disposition not inconsistent with this opinion.