## Kuchinski v. Donegal Mutual Insurance Co.

*Richard J. Marusak, Morton J. Gordon,* for plaintiff.
*William F. Anzalone,* for defendant.

BROMINSKI, *J.,* September 22, 1983 — This matter comes before the court upon the motion for summary judgment filed by defendant, Donegal Mutual Insurance Company.

On October 15, 1982, plaintiff, Eugene E. Kuchinski, executor of the Estate of Mary Kuchinski, deceased, filed a complaint in assumpsit against defendant in which he alleged, inter alia: That he is the son of decedent and the duly appointed executor of her estate; that defendant issued an automobile insurance policy covering decedent's automobile in accordance with the Pa. No-fault Motor Vehicle Insurance Act, 40 P.S. §1009, et seq.; that on June 15, 1979, while the policy was in full force and effect, the decedent, then seventy years of age, was injured and died as the result of a motor vehicle accident which occurred on Interstate Route No. 81, Rice Township, Luzerne County, Pa.; and that defendant has refused to pay plaintiff's claim for work loss and survivor's loss benefits under the act, as well as interest at the rate of 18

percent per annum for such overdue benefits and reasonable attorney's fees.

Defendant has filed an answer containing new matter to which plaintiff has replied. Further, the deposition of plaintiff taken on November 17, 1982, is part of the record.

A motion for summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa. R.C.P. 1035(b).

Defendant's motion gives rise to the following three questions:

1. Is plaintiff, as the executor of a decedent's estate, entitled to survivor's benefits as defined in the Act?

2. Is such plaintiff entitled to work loss benefits where at the time of decedent's death her sources of income were social security benefits, black lung benefits and rental income, which said rental income has been made payable to the estate from the moment of her death?

3. Is plaintiff entitled to interest at the rate of 18 percent per annum for alleged overdue benefits, as well as reasonable attorney's fees?

We shall consider these questions seriatim.

First, defendant contends that plaintiff is not entitled to survivor's benefits, because he is not a survivor, that is, a spouse, child, parent, brother, sister or relative dependent upon the deceased for support, under the act, 40 P.S. §103, but rather merely an executor of decedent's estate. It further contends that although Eugene Kuchinski admittedly is decedent's son, and although the dependency requirement for survivor's loss benefits in the case of a

child has been obviated. (Chesler v. GEICO, 302 Pa. Super. 356, 448 A.2d 1080 (1982), nevertheless the claim is filed in his capacity as executor, a class not included within the definition of a survivor under the Act.

We reject this contention. The Pa. Superior Court has consistently held that the estate of a deceased victim is entitled to recover work loss benefits under the act. Freeze v. Donegal Mutual Insurance Co., 301 Pa. Super. 344, 447 A.2d 999 (1982); Reynolds v. Nationwide Mutual Insurance Co., 303 Pa. Super. 31, 449 A.2d 62 (1982); and Anfuso v. Erie Insurance Group, 306 Pa. Super. 567, 452 A.2d 870 (1982). Moreover, in Anfuso, the court held that normally all causes of action, other than libel or slander, survive the death of the party and may be pursued by the personal representative of the decedent's estate. Therefore, we find no compelling reason to conclude that plaintiff is not entitled to recover survivor's loss benefits under the act.

Second, defendant makes reference to the deposition of plaintiff wherein it is indicated that for the past several years decedent was unemployed and that her only income was derived from Social Security and Black Lung benefits, as well as from rentals for real estate which, since her death, have been paid to her estate. Further, defendant calls attention to Section 1009.206 of the Act, 40 P.S. § 1009.206, and argues that the foregoing benefits must be deducted in calculating the estate's net loss, and that in doing so, the net loss to the estate is zero, thus entitling it to no work loss benefits. Such argument lacks merit.

Recently, in Minier v. State Farm Mutual Automobile Insurance Company, 71 Pa. Commw. 36, 454 A.2d 1078 (1982), the court held that there should be a recovery of work-loss benefits under the

act even though the decedent has retired from employment. More important, the aforementioned section cited by defendant reads as follows, in pertinent part:

". . . all benefits or advantages . . . that an individual receives or is entitled to receive from social security . . . and all other benefits . . . received by or available to an individual *because of the injury* from any government . . . shall be subtracted from loss in calculating net loss." (Emphasis added.)

Obviously, under the circumstances of this case, there is no evidence that such benefits received by decedent prior to the accident were in fact received by her as a result of the injuries sustained in the accident. Consequently, defendant's position that such benefits must be subtracted from her income, is untenable.

Third, defendant contends that it cannot be held liable for payment of plaintiff's attorney's fees, because it had a reasonable basis for denying the claim and at all times dealt therewith in good faith. Further, it contends that plaintiff is not entitled to interest because he has failed to properly complete the application for benefits form even to the date of argument on the present motion. Under all of the circumstances, neither contention is meritorious at this time.

With regard to the question of liability for attorney's fees, the Act, 40 P.S. §1009.107(3), provides that the court may award the claimant's attorney a reasonable fee based upon actual time expended where it determines that the claim has been denied without reasonable foundation. In its new matter, Para. 25, defendant alleges that it has had a reasonable foundation upon which to deny plaintiff's claim and, accordingly, that plaintiff is not entitled to such an award. Plaintiff has denied the foregoing allega-

tion in his reply. Consequently, since the pleadings and record, in general, fail to resolve this issue, it remains a genuine issue as to a material fact with regard to which summary judgment may not be entered.

With regard to the question of interest, defendant contends that plaintiff is entitled to none, because he has never adequately completed the application for benefits form. Allegations relative to these facts are made in new matter, paragraphs 18, 19 and 20 and either admitted, with explanation, or denied in plaintiff's reply. Once again, since there remains genuine issues of material facts concerning the completion of the form, summary judgment is not warranted at this time.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed that defendant's motion for summary judgment is denied and dismissed.