466 A.2d 643

**Delbert J. McQUAIDE, Administrator of the Estate of Samuel D. McQuaide, Appellant,**

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY.**

Superior Court of Pennsylvania.

Submitted July 26, 1983.

Filed Sept. 23, 1983.

James Michael Horne, State College, for appellant.

Ronald M. Lucas, State College, for appellee.

Before ROWLEY, BECK and MONTEMURO, JJ.

PER CURIAM:

Delbert J. McQuaide, administrator of the estate of Samuel D. McQuaide, appeals from the order of the lower court

which sustained the demurrer of appellee United States Fidelity and Guaranty Company (USFGA) and dismissed McQuaide's action to recover work loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act, 40 Pa.C.S. § 1009.101 *et seq.*

Samuel D. McQuaide, an insured of USFGA, died in a motor vehicle collision in March 1979. His estate filed an action in assumpsit for $15,000 in work-loss benefits, plus attorneys' fees and eighteen percent interest in February 1981. USFGA demurred, and the trial court sustained the demurrer on the grounds that only "survivors" as defined in 40 Pa.C.S. § 1009.103 were eligible to recover work loss benefits, and McQuaide's estate had not established economic dependency on the deceased victim.

The issue presented in this appeal is whether the estate of a deceased victim is entitled to work-loss benefits. This question was resolved by this Court en banc in *Freeze v. Donegal Mutual Insurance Company*, 301 Pa.Super. 344, 447 A.2d 999 (1982), which held that the estate of a deceased victim is entitled to recover work-loss benefits under the No-Fault Act. *Beamsderfer v. Donegal Mutual Insurance Co.*, 304 Pa.Super. 534, 450 A.2d 1366 (1982), relying on *Freeze, supra,* and *Chesler v. Government Employees Insurance Co.*, 302 Pa.Super. 356, 448 A.2d 1080 (1982) held that in an estate's action for work-loss benefits, the issues of survivorship and economic dependency were not relevant. See also *Wingeart v. State Farm Mutual Automobile Insurance Company*, 302 Pa.Super. 524, 449 A.2d 40 (1982); *Reynolds v. Nationwide Mutual Insurance Company*, 303 Pa.Super. 31, 449 A.2d 62 (1982), petition for allowance of appeal granted; *Miller v. United States Fidelity and Guaranty Co.*, 304 Pa.Super. 43, 450 A.2d 91 (1982); *LaRocca v. Aetna Life and Casualty Co.*, 304 Pa.Super. 421, 450 A.2d 751 (1982); *Hartleb v. Ohio Casualty Insurance Co.*, 305 Pa.Super. 231, 451 A.2d 506 (1982); *Anfuso v. Erie Insurance Group*, 306 Pa.Super. 567, 452 A.2d 870 (1982); *Tubner v. State Farm Mutual Automobile Insurance Co.*, 307 Pa.Super. 207, 452 A.2d 1388 (1982);

*Ohrin v. Erie Insurance Exchange,* 307 Pa.Super. 236, 453 A.2d 12 (1982); *Nye v. Erie Insurance Exchange,* 307 Pa.Super. 464, 453 A.2d 677 (1982); *Heirs v. Keystone Ins. Co.,* 308 Pa.Super. 288, 454 A.2d 134 (1982); *King v. Liberty Mutual Insurance Co.,* 310 Pa.Super. 141, 456 A.2d 223 (1983) (all maintaining the right of an estate of a deceased victim to bring an action for work-loss benefits).

The order of the lower court is reversed, and the case is remanded for disposition not inconsistent with this opinion. Jurisdiction is relinquished.