## Olah v. Erie Insurance Company

*Gary S. Figore,* for plaintiff.
*Michael P. Shay,* for defendant.

WILLIAMS, *P.J.,* January 30, 1984 — This matter is before the court on plaintiff's claim for additional benefits and reasonable counsel fees in an action brought under the Pennsylvania No-fault

Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq. The matter was heard without a jury on November 9, 1983, and the parties given leave to file memoranda of law with the court. Upon careful review of the memoranda and the record before us, we find the following facts to be undisputed.

Plaintiff brought this action in assumpsit on behalf of her daughter, a minor, who was fatally injured when struck by a car near her home in Bethlehem on May 18, 1982. Decedent was a six-year-old white female at the time of her death and had never entered the work force. The vehicle involved was owned and operated by defendant's insured. Defendant has acknowledged liability under the No-fault Act by virtue of the policy issued to the owners of the vehicle involved, and pursuant thereto has made payments for all medical bills incurred as well as $1,500 toward the funeral expenses.

This action seeks additional relief in the nature of work loss and survivor's loss benefits, as well as reasonable attorney's fees. Additionally, plaintiff makes a claim for "stacking" of no-fault benefits based on the premise that the insured's policy with the defendant covered two vehicles with separate PIP premiums paid for each vehicle. Defendant denies that plaintiff is entitled to any work loss or survivor's benefits, argues that the "stacking" of benefits is impermissible under the No-fault Act as interpreted by the Pennsylvania Superior Court, and accordingly denies that the contest of these benefits was without reasonable foundation so as to award counsel fees and costs to plaintiff.

We turn first to plaintiff's claim for the "stacking" of benefits. In light of the recent Pennsylvania Superior Court's unanimous opinion in Antanovich v. Allstate Insurance Co. (Brendlinger v. Allstate Insurance Co.), ____ Pa. Super. ____, 467 A.2d 345

(1983), we find that stacking of benefits is not permissible under the No-fault Act. Plaintiff's claim for stacking must be dismissed on other grounds, however. Decedent in this case did not have any no-fault insurance coverage. Her mother, plaintiff in this action, did not have any no-fault coverage which protected decedent. Since decedent was a pedestrian without independent insurance coverage, Section 204 of the No-fault Act was triggered, and the applicable security is solely the coverage on the vehicle which struck her. 40 P.S. § 1009.204(a)(4). Plaintiff cannot sustain a stacking claim under the facts of this case, and her claim for stacking must be denied and dismissed as inappropriate and contrary to the law.

Plaintiff also seeks to recover work loss benefits and survivor's loss benefits. Defendant contends that plaintiff is not entitled to recover work loss benefits arising out of the death of minor-decedent because decedent was only six years old at the time of her death and had never entered the work force. Ironically, defendant acknowledges that such is not the law in this jurisdiction. The Pennsylvania Superior Court has recently affirmed the recovery of work loss benefits for a minor decedent. McClaine v. Allstate Insurance Co., ____ Pa. Super. ____, 463 A.2d 1131 (1983); Freeze v. Donegal Mutual Insurance Co., 301 Pa. Super. 344, 447 A.2d 999 (1982). It is well settled that work loss benefits payable to the estate of a deceased minor can be established by reference to actuarial tables and other relevant statistical compilations. Freeze v. Donegal Mutual Insurance Co., supra at 354. Furthermore, parents do not have to prove economic dependency upon the deceased child in order to recover work loss benefits under the No-fault Act. McQuaide v. U.S. Fidelity & Guaranty Co., ____ Pa. Super. ____, 466 A.2d 643

(1983); King v. Liberty Mutual Insurance Co., 310 Pa. Super. 141, 456 A.2d 223 (1983); Chesler v. Government Employees Insurance Co., 302 Pa. Super. 356, 448 A.2d 1080 (1982). On the basis of clear, unambiguous Pennsylvania appellate authority, we find that plaintiff is permitted to recover work loss benefits.

Plaintiff seeks a work-loss recovery in the amount of $15,000, the maximum possible liability of the defendant under the mandates of the No-fault Act, as well as interest on that amount at the rate of 18% per annum, calculated from July 10, 1982. 40 P.S. §1009.106(a)(2); 40 P.S. §1009.202(b)(2). It has been stipulated between the parties that at the time of her death, decedent had a life expectancy of 73 years and a work-life expectancy of 43 years. In light of Pennsylvania appellate authority, we find she had a probable annual income of $9,500, an amount calculated to be the average annual gross income of a production or non-supervisory worker in the private non-farm economy of Pennsylvania in 1982. 40 P.S. §1009.205(d)(c). Anfuso v. Erie Insurance Group, 306 Pa. Super. 567, 452 A.2d 870 (1982). Work loss benefits clearly accrue in total at the time of the victim's death, if at all, since there is no possibility of the victim re-entering the work force. Accordingly, we find that plaintiff is entitled to recover $15,000 plus interest at 18 percent per annum from July 10, 1982.

Defendant acknowledges that it received notice of plaintiff's claim on June 10, 1982. Although defendant contends that said notice was not reasonable proof of the loss as is required under Section 106 of the act, we cannot agree. Work loss benefits payable to a decedent who was unemployed at the time of the accident are explicitly set forth in the Act itself so that notice of death of the claimant coupled with

adequate notice as to the nature of the claim falls within the meaning of the reasonable proof requirement of Section 106. Such benefits are deemed to be overdue and thus subject to interest, if not paid within 30 days after receipt by the insurance company of reasonable proof of the claim. 40 P.S. § 1009.106. We therefore calculate interest on the work loss benefits as of July 10, 1982, 30 days after acknowledgment of plaintiff's notice to defendant.

We now turn to plaintiff's claim for survivor's loss benefits in the amount of $5,000 plus interest. Defendant contends that plaintiff is not entitled to collect survivor's loss benefits under the facts of this case — namely, that decedent was only six years old at the time of her death. In support of that contention, defendant cites the Pennsylvania Superior Court opinion in Wercoch v. Liberty Mutual Insurance Co., 287 Pa. Super. 45, 429 A.2d 712 (1981). The Wercoch opinion sets forth the premises that in order to qualify for survivor's loss benefits, a plaintiff must present proof of economic detriment, within the meaning of "survivor's loss" as contemplated in the No-fault Act, which was a direct result of decedent's death. We cannot, on the record before us, find that plaintiff has adequately shown the detriment which is essential to an award of survivor's loss benefits under the No-fault-Act. Plaintiff presented no evidence which would fit within the definition of the term "survivor's loss" as that term has been construed by Pennsylvania appellate courts. The testimony of plaintiff as to decedent's "assistance" around the house and "academic performance", when viewed in the light of decedent's age of six years, was not sufficient to prove the requisite "detriment", and was therefore insufficient to trigger defendant's liability for survivor's loss benefits.

Accordingly, plaintiff's claim for $5,000 plus interest is denied.

Plaintiff's final claim is for reasonable attorney's fees for pursuing these claims. The Pennsylvania Superior Court has consistently held that where an insurance company's denial of liability results from its disagreement with the court's interpretations of the No-fault Act, the company's denial is "without reasonable foundation", and attorney's fees may be awarded in accordance with Section 107 of the Act. 40 P.S. § 1009.107. Keaten v. Aetna Life & Casualty Insurance Co., 309 Pa. Super. 101, 454 A.2d 1102 (1982). Section 107 of the act provides:

"If, in any action by a claimant to recover no-fault benefits from an obligor, the court determines that the obligor has denied the claim or any significant part thereof without reasonable foundation, the court may award the claimant's attorney a reasonable fee based upon actual time expended." 40 P.S. § 1009.107(3).

In applying the standards set forth by the act and the case law interpreting the act, the only issue that is questionable is an award of counsel fees for plaintiff's claim to work loss benefits. This is so because clearly, by virtue of this opinion, defendant's denial of survivor's loss benefits and stacking benefits was with reasonable foundation.

The difficulty is that plaintiff's claim for work loss benefits was not advanced in isolation. That claim, although approximately three-fourths of plaintiff's claim absent the additional stacking claims, was not the only claim pursued by plaintiff. Furthermore, it cannot be said that merely because the work loss portion of plaintiff's claim represented a given percentage of the total value of her claim, the work loss portion of her attorney's fees would necessarily be

the same percentage of his total fees. It is the nature of legal research to attempt to "fishtail" issues and consolidate preparation so as to be cost-effective. As such it is difficult to ascertain what portion of plaintiff's counsel's time was devoted to pursuing the work-loss claim and what portion of his fees, if any, are attributable to the pursuit of that claim. Such difficulty should not, however, preclude recovery altogether. Plaintiff's work loss claim constituted a significant portion of her total claim and, after review of counsel's statement for services, we award $1,000 towards her attorney's fees.

## VERDICT

And now, this January 30, 1984, a verdict is entered in favor of plaintiff in the sum of $15,000 for work loss benefits, together with interest at the statutory rate of 18 percent from July 10, 1982, and counsel fees in the sum of $1,000.

The prothonotary is directed to give notice of the foregoing verdict to counsel for the parties. If no exceptions are filed within ten days from the date of this verdict, the prothonotary shall, on praecipe, enter final judgment upon the verdict.