473 A.2d 1102

**Loretta M. COLOSIMO, Administrator of the Estate of Dennis J. Colosimo, Appellant,**

**v.**

**NATIONWIDE INSURANCE CO.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1983.

Filed March 30, 1984.

James D. Wolfe, Johnstown, for appellant.

James F. O'Malley, Johnstown, for appellee.

Before ROWLEY, WIEAND and HESTER, JJ.

PER CURIAM:

The sole issue presented in this appeal is whether the estate of the deceased victim is entitled to recover work loss benefits pursuant to the Pennsylvania No-Fault Motor Vehicle Insurance Act (hereinafter No-fault Act).[1] The lower court denied appellant's claim for these benefits. We hereby reverse.

Dennis J. Colosimo was killed in an automobile accident on December 8, 1979. At the time of the accident, the decedent had been employed; however, no one was dependent upon him for support. Appellant, as administrator of the decedent's estate, sought payment of work loss benefits under the personal automobile insurance policy which the victim had maintained with Nationwide Insurance Company, appellee herein. Appellant's claim was denied. The lower court ruled that a no-fault survivor was necessary for appellant to maintain an action for work-loss benefits. Since appellant concededly had no survivors according to the language of the No-fault Act, the lower court dismissed

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq.

the complaint. Following the denial of exceptions, a timely appeal was filed.

The No-fault Act established a comprehensive compensation system for persons who sustain losses resulting from automobile accidents. "Basic loss" benefits, that is, benefits provided in accordance with the No-fault Act for the net loss sustained by a victim,[2] are available to "any victim or any survivor of a deceased victim" of an automobile accident.[3] One type of "basic loss" covered by the No-fault Act is "work loss," which is defined as:

(A) loss of gross income of a victim, as calculated pursuant to the provisions of section 205 of this act; and

(B) reasonable expenses of a victim for hiring a substitute to perform self-employment services, thereby mitigating loss of income, or for hiring special help, thereby enabling a victim to work and mitigate loss of income.

40 P.S. § 1009.103. Appellee argued, and the lower court agreed, that the decedent's estate was not entitled to receive work loss benefits, which are limited to a victim or any "survivor" of a deceased victim as defined by the No-fault Act.[4]

This issue is not new to this Court. In *Freeze v. Donegal Mutual Insurance Co.*, 301 Pa.Super. 344, 447 A.2d 999 (1982), we specifically addressed the question of whether a deceased victim's estate was eligible for work loss benefits. Therein, the administrator of an eleven-year-old's estate sought to recover work loss benefits. A panel of this Court (Hester, J. dissenting) unequivocally held that the estate of a deceased victim was entitled to recover work loss benefits under the No-Fault Act. *Freeze* and its progeny permitted

2. 40 P.S. § 1009.103.

3. 40 P.S. § 1009.201(a).

4. A "survivor" is designated as a:
    (A) Spouse; or
    (B) Child, parent, brother, sister or relative dependent upon the deceased for support.
    40 P.S. § 1009.103.

estates of deceased victims to recover work loss benefits based upon the intendment of the No-fault Act to compensate deceased victims for the economic losses sustained as a result of their fatal injuries. *See Ohrin v. Erie Insurance Exchange*, 307 Pa.Super. 236, 453 A.2d 12 (1982); *Anfuso v. Erie Insurance Group*, 306 Pa.Super. 567, 452 A.2d 870 (1982); *Hartleb v. Ohio Casualty Ins. Co.*, 305 Pa.Super. 231, 451 A.2d 506 (1982); *Miller v. U.S. Fidelity and Guar. Co.*, 304 Pa.Super. 43, 450 A.2d 91 (1982); *Reynolds v. Nationwide Mutual Ins. Co.*, 303 Pa.Super. 31, 449 A.2d 62 (1982); *Wingeart v. State Farm Mut. Auto. Ins. Co.*, 302 Pa.Super. 524, 449 A.2d 40 (1982); *Chester v. Government Employees Ins. Co.*, 302 Pa.Super. 356, 448 A.2d 1080 (1982).

The Pennsylvania Supreme Court was recently confronted with this issue when it granted review of our decision in *Freeze*. A majority of that court held that a deceased victim's estate is entitled to work loss benefits. In so ruling, it opined:

> ... a person who dies as a result of injuries sustained in a motor vehicle accident is, within the meaning of the No-fault Act, a victim. That an injured victim is entitled to basic loss benefits under the Act is beyond question. The fact that a "victim" dies as a result of his injuries and becomes, a deceased "victim", makes him no less a "victim" entitled to benefits under the provisions of the Act. A personal representative in the person of the executor or administrator of his estate stands in the shoes of the deceased victim as far as entitlement to benefits is concerned; the events of a victim's death activates the rights of statutory survivors to benefits under the Act. However, the activation of survivors' rights does not diminish or erase the victim's rights even though he now be a deceased victim. (footnotes omitted).

*Donegal Mutual Ins. Co. v. Freeze*, 504 Pa. 218, 470 A.2d 958 (1983). Thus, the Supreme Court has determined that the right to work loss benefits survives the death of the victim and inures to the benefit of his estate.

The above decision controls the instant case and mandates our reversal of the lower court's ruling that the estate of Dennis Colosimo is not entitled to recover work loss benefits.

Judgment reversed and case remanded for further proceedings to determine the amount of work loss benefits to be awarded to appellant. Jurisdiction is relinquished.