429 A.2d 712

**Doreen WERCOCH,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 17, 1980.

Filed May 15, 1981.

John C. Janos, Philadelphia, for appellant.

Ronald Bummfield, Philadelphia, for appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

This is an appeal from an order requiring Liberty Mutual Insurance Company, respondent-appellant, to pay the maxi-

mum survivor's loss benefits of $5,000, together with interest, legal fees and expenses, to Doreen Wercoch, petitioner-appellee, pursuant to the provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act.[1]

On March 20, 1979, Doreen Wercoch of Philadelphia, Pennsylvania filed a petition and rule with the Court of Common Pleas of Philadelphia County against Liberty Mutual Insurance Company [hereinafter Liberty Mutual].[2] She alleged inter alia that on or about October 8, 1978, her husband, Stanley Wercoch, was killed in a motor vehicle accident. On the date indicated, Stanley Wercoch was an insured under a certain motor vehicle insurance policy with Liberty Mutual. Petitioner claimed that she was a survivor of Stanley Wercoch as that term is defined in section 1009.-103 of the No-Fault Act, and that as such she was entitled to the maximum survivor's loss benefits of $5,000 from Liberty Mutual pursuant to section 1009.202(d) of the Act. She alleged further that Liberty Mutual had refused to honor her demand for payment.

In an answer to Mrs. Wercoch's petition, Liberty Mutual averred that petitioner was separated from Stanley Wercoch at the time of the accident and was not receiving any support from him. Liberty Mutual also asserted that the mere fact that one is a survivor as defined by the No-Fault Act does not automatically qualify one for survivor's loss benefits under the Act. Arguments were heard in the instant matter by the Honorable Ethan Allen Doty who issued an order on May 24, 1979, that Liberty Mutual pay

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. §§ 1009.101 et seq. (Supp.1980–81) hereinafter the No-Fault Act.

2. The commencement of the instant action by petition and rule was not questioned below nor on appeal and, therefore, we are not deciding whether such procedure was proper. We note that the general rule in this Commonwealth is that actions must be commenced by a summons, a complaint, or an agreement for an amicable action in accordance with Pa.R.C.P. No. 1007. *Long v. Rockwood Insurance Co.*, 5 D. & C.3d 457, 459 (1978). In *Long*, however, the Court of Common Pleas of Philadelphia County decided that an action for medical and work loss benefits under the No-Fault Act may be commenced by petition and rule.

survivor's loss benefits in the amount of $5,000 to Mrs. Wercoch pursuant to the No-Fault Act, together with interest calculated at 18% of the aforementioned amount and reasonable legal fees and expenses in the sum of $262.50.

The issue before us is whether the lower court was correct in ordering the payment of the maximum survivor's loss benefits, together with legal fees and expenses, to the estranged spouse of the deceased victim in the absence of a showing of any actual survivor's loss as that term is defined in section 1009.103 of the No-Fault Act. The lower court concluded in its opinion in support of its order that a spouse "need not present any evidence of dependency in order to collect survivor loss benefits." Lower court opinion at 5.

Liberty Mutual argues on appeal that Mrs. Wercoch, as a survivor under the No-Fault Act, is not automatically entitled to the maximum survivor's loss of $5,000, but rather is simply entitled to lodge a claim for and present evidence in support of an actual survivor's loss as defined in section 1009.103 of the Act. According to Liberty Mutual, the fact that a spouse automatically qualifies as a survivor under the Act, whereas other relatives must allege and prove a dependency on the deceased victim to qualify as a survivor, "does not obviate the necessity of all 'survivors' to prove an actual economic loss before receiving any benefits." Brief for Appellant at 6. Liberty Mutual argues further that the $5,000 maximum set forth in section 1009.202(d) of the Act "is a blanket limit applicable to all 'survivors', the clear implication of which is that all 'survivors' must present evidence of their actual loss up to the five thousand ($5,000) dollar limit." Brief for Appellant at 7–8.

The right to basic loss benefits under the No-Fault Act is provided to a survivor of a deceased victim of an accident occurring in this Commonwealth:

(a) *Accident within this State.*—If the accident resulting in injury occurs in this Commonwealth, any victim or any survivor of a deceased victim is entitled to receive

basic loss benefits in accordance with the provisions of this act.

40 P.S. § 1009.201(a) (Supp.1980–81).

One category of basic loss benefits is "Survivors Losses":
§ 1009.202 Basic loss benefits

\*    \*    \*    \*    \*    \*

(d) *Survivors losses.*—Survivors loss, as defined in section 103 shall be provided in an amount not to exceed five thousand dollars ($5,000).

40 P.S. § 1009.202(d) (Supp.1980–81).

The definitions of "survivor" and "survivor's loss" are:
*"Survivor"* means:

(A) spouse; or

(B) child, parent, brother, sister or relative dependent upon the deceased for support.

*"Survivor's loss"* means the:

(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and

(B) expenses reasonably incurred by a survivor or survivors, after a victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury, reduced by expenses which the survivor or survivors would probably have incurred but avoided by reason of the victim's death resulting from injury.

40 P.S. § 1009.103 (Supp.1980–81) (emphasis added).

The issue presented by Liberty Mutual is one of first impression. The cases cited in the appellate briefs and in the lower court opinion focus on whether certain relatives must show their dependence on the deceased victim in order to qualify as a survivor under section 1009.103 of the No-Fault Act. *Dennis v. Ohio Casualty Insurance Co.,* 61 West. L.J. 28 (1979); *Meissner v. Hackenburg,* 14 Lyc. 115 (1978); *Midboe v. State Farm Mutual Automobile Insurance Co.,* 8

D. & C.3d 83, *affm'd per curiam*, 261 Pa.Super. 447, 395 A.2d 991 (1978), February 27, 1979, petition for allowance of appeal granted; *Saur v. Travelers Insurance Co.*, 60 Erie L.J. 107 (1977). The decisions rendered in these cases do not help us because Liberty Mutual concedes in its appellate brief that Mrs. Wercoch is a survivor within the terms of the No-Fault Act and only argues that she is not automatically entitled to the maximum amount of $5,000 without presenting proof of an actual survivor's loss.

A lower court opinion which is helpful to our disposition of this case is *Tencza v. Aetna Life and Casualty Insurance Co.*, 8 D. & C.3d 1 (1978). In *Tencza*, the husband of a deceased victim filed a complaint for survivor's loss benefits pursuant to the No-Fault Act. The insurance company's demurrer and motion for a more specific pleading raised the issue of whether a husband in an action for survivor's loss benefits must specifically set forth the exact amounts of the survivor's loss. The lower court held that the husband must file an amended complaint pleading survivor's loss with particularity by setting forth the following items: 1) the amount decedent would have contributed to her husband if she had not sustained a fatal injury; 2) the expenses which have been incurred, or will be incurred, by the husband following decedent's death in obtaining ordinary and necessary services in lieu of those which decedent would have performed for his benefit; 3) the income decedent was earning immediately prior to her death; and, 4) the expenses which the husband would have incurred but avoided by reason of decedent's death. These items reflect the language used in the No-Fault definition of "survivor's loss" in section 1009.-103.

We believe that the language of section 1009.103 of the No-Fault Act is plain and clear. Once a person has qualified as a survivor, then proper proof must be developed as to the loss of income of the deceased victim which would probably have been contributed to such survivor, if the

victim had not sustained the fatal injury. Further proof must be offered as to the expenses reasonably incurred by the survivor, after the victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for the survivor's benefit, if he had not sustained the fatal injury. Such recovery must be reduced by expenses which the survivor would probably have incurred but avoided by reason of the victim's death resulting from injury.

The lower court in this case improperly awarded to Mrs. Wercoch the maximum amount of survivor's loss benefits without requiring any proof whatsoever as to the items listed under "survivor's loss" in section 1009.103 of the No-Fault Act.[3] The lower court's conclusion that Mrs. Wercoch, a spouse, was not required to present any evidence of dependency in order to qualify as a survivor was correct, but this conclusion does not relieve her of the burden of proving the damages provided by the Act for survivor's loss. We agree with the following dicta of the Court of Common Pleas of Westmoreland County in *Dennis v. Ohio Casualty Insurance Co.*, 61 West.L.J. 28 (1979):

> It is clear from the wording of the statute 1. that a spouse of the decedent is a "survivor" and automatically within the category of one entitled to "survivor's loss benefits." A surviving spouse is entitled to payment of benefits for "loss of income," even though the survivor-spouse was not dependent upon the decedent during his lifetime. Accordingly, a surviving spouse need prove only the elements of (a) "loss of income" and (b) "expenses reasonably incurred" in order to be entitled to payment.

3. The lower court ordered a lump sum payment of the damages awarded which is inconsistent with § 1009.106(a)(1) of the No-Fault Act which provides:
   (a) In general.—
   (1) No-fault benefits are payable monthly as loss accrues. Loss accrues not when injury occurs, but as allowable expense, work loss, replacement services loss, or survivor's loss is sustained.

It is readily apparent that both of these items can exist without a "dependency" upon the decedent.

*Id.* at 29.

 Order reversed[4] and case remanded for proceedings consistent with this opinion.[5]

4. In view of our conclusion that Mrs. Wercoch was not automatically entitled to collect the maximum survivor's loss benefits, the lower court's award of interest and legal fees and expenses pursuant to sections 1009.106(a)(2) and 1009.107(3), respectively, of the No-Fault Act was incorrect and likewise is reversed.

5. In *Daniels v. State Farm Mutual Automobile Insurance Co.,* 283 Pa.Super. 336, 423 A.2d 1284 (1980), this court held that "for purposes of determining eligibility for survivor's loss benefits under the No Fault Act, a minor child is as a matter of law dependent upon a deceased parent." *Id.,* 283 Pa.Super. at 342, 423 A.2d at 1287. In the instant case, it is conceded that Mrs. Wercoch, as a spouse of the deceased victim, is eligible for survivor's loss benefits under the No-Fault Act and, therefore, the holding in *Daniels* does not aid us in determining the issue on appeal.