## Ott v. United States Fidelity & Guaranty Co.

*John McCrea,* for plaintiff.
*Thomas E. Brenner,* for defendant.

SHUGHART, *P.J.,* April 13, 1983—Plaintiff, as the surviving spouse of James E. Ott, Jr. and as administratrix of his estate, brought this action in assumpsit against defendant-insurer to recover work loss and survivor's loss benefits plus interest and at-

torney's fees under the Pennsylvania No-fault Motor Vehicle Insurance Act of July 9, 1974, P.L. 489, 40 P.S. §§1009.101-.701 (pkt. part 1982-83). Defendant answered the complaint, and the pleadings are now closed. Following discovery defendant moved for summary judgment on the claim for survivor's loss benefits. It contends that plaintiff has failed to introduce any facts into the record, either in her pleadings or by affidavit, deposition, or otherwise, to support her claim for such benefits.

To recover survivor's loss benefits under the No-fault Act, plaintiff must plead and prove facts to show that she (1) qualifies as a "survivor" and (2) has sustained "survivor's loss," as defined in section 103 of the Act. See Chesler v. Government Employees Insurance Co., 302 Pa. Super. 356, 363, 448 A.2d 1080, 1083-84 n. 14 (1982) (en banc); Wercoch v. Liberty Mutual Insurance Co., 287 Pa. Super. 45, 429 A.2d 712 (1981); Gordon v. Erie Insurance Co., 32 Cumberland L.J. 369 (1982). Defendant concedes that plaintiff, as the spouse of decedent, qualifies as a survivor under section 103. Defendant correctly points out, however, that survivors are not automatically entitled to receive survivor's loss benefits; damages, or in the vernacular of the No-fault Act, "survivor's loss," is still an essential element for recovery. Wercoch v. Liberty Mutual Insurance Co., supra. The issue raised by defendant's motion is whether this second element is present in this case.

Survivor's loss is defined as the

(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and

(B) expenses reasonably incurred by a survivor or survivors, after a victim's death resulting from in-

jury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury, reduced by expenses which the survivor or survivors would probably have incurred but avoided by reason of the victim's death resulting from injury. 40 P.S. § 1009.103. Since survivor's loss benefits are an item of special damages, a claim for these benefits must be pleaded with particularity. Tencza v. Aetna Life and Casualty Insurance Co., 8 D. & C. 3d 1, 68 Luz. 211 (1978), cited with approval in Wercoch v. Liberty Mutual Insurance Co., supra. Plaintiff has the burden of proving (1) the amount of income her husband would probably have contributed to her had he not sustained the fatal injury, (2) the expenses reasonably incurred by her, after his death, in obtaining replacement services, and (3) the expenses which she would probably have incurred but avoided by reason of her husband's death. Id. Furthermore, because survivor's loss benefits are payable on a monthly basis, see Wercoch v. Liberty Mutual Insurance Co., 287 Pa. Super. 45, 52 n. 3, 429 A.2d 712, 715 (1981) (construing 40 P.S. § 1009.106(a)(1)), plaintiff must indicate what her loss was on a monthly basis. Gordon v. Erie Insurance Co., supra. This breakdown of losses is essential in calculating interest on overdue benefits.

Our review of the record has disclosed no facts to support plaintiff's claim that she has sustained survivor's loss. Her complaint merely contains the conclusory allegation that she "is entitled to receive survivor's loss benefits in the amount of $5,000." Plaintiff's complaint para. 10. Her responses to defendant's discovery requests add little. In response to interrogatory number 18, plaintiff admitted that she does not know the amount her husband would

have contributed to her had he not sustained the fatal injury. See also defendant's request for admissions ¶3 (deemed admitted because of the plaintiff's failure to respond). Thus, an essential element of recovery is missing. Plaintiff's conclusary allegations are not sufficient to raise an issue of material fact. McFadden v. American Oil Co., 215 Pa. Super. 44, 257 A.2d 283 (1969). Certainly the current situation would not warrant burdening the defendant with proceeding to trial.

Nevertheless, we are reluctant to grant summary judgment in favor of the defendant today. Our reluctance basically stems from two of plaintiff's answers to defendant's interrogatories. To interrogatory number 12, requesting the amounts, forms, and names of recipients of contributions from the decedent, the plaintiff responded, "Since decedent was unemployed for most of the year he did not contribute to the support of the household regularly." The obvious implication in this response is that the decedent did contribute to plaintiff's support at times. The answer to interrogatory number 33 says as much. In responding to defendant's request for "all facts which form the basis for your claim for survivor's loss benefits," plaintiff replied that she "was a dependent wife who was supported by her husband when he was employed and when he was unemployed and receiving various social services or benefits as a result of his employment." We recognize that both of these answers are unresponsive to the question; neither sets forth facts to support plaintiff's claim. Two conclusions are possible: either plaintiff has sustained no survivor's loss, or counsel has simply neglected to support her claim with facts. In either case, a second opportunity to supplement the record would not prejudice the defendant. If indeed there are no facts to support a

claim for survivor's loss benefits, then the plaintiff should pass up this opportunity and summary judgment will be entered. On the other hand, if plaintiff actually did sustain survivor's loss, then she should not be denied those benefits to which she is entitled because of another's neglect. Courts should be very reluctant "to foreclose a party because of the failure or neglect of his counsel." Puleo v. Broad Street Hospital, 267 Pa. Super. 581, 585-86, 407 A.2d 394, 396 (1979) (citing McFadden v. Pennzoil Co., 326 Pa. 277, 279, 191 A. 584, 585 (1937)). In this case we can ensure the protection of plaintiff's rights without any resulting prejudice to defendant. See id. (allowing plaintiff to file an amended pleading after judgment on the pleadings had been entered against him). We do no more than give plaintiff the same opportunity she would have had had this deficiency been raised by preliminary objection.

Today's action is taken because we are not "free from doubt" that plaintiff has no claim. See McFadden v. American Oil Co., 215 Pa. Super. 44, 257 A.2d 283 (1969). On the other hand, we recognize that, as the record now stands, defendant should not be forced to go to trial. The burden is on plaintiff to raise an issue of fact, and in the absence of such an issue, the defendant is entitled to have the case decided at this stage of the proceedings. See Phaff v. Gerner, 451 Pa. 146, 303 A.2d 826 (1973); Giannini v. Carden, 286 Pa. Super. 450, 429 A.2d 24 (1981); Pa. R.C.P. 1035(d). More than a mere assertion that a genuine issue exists is needed before we can deny summary judgment. McFadden v. American Oil Co., supra. But because of our doubt founded in the record of this case, we believe the following order is appropriate.

## ORDER OF COURT

And now, April 13, 1983, for the reasons appearing in the opinion filed this date, defendant's motion for summary judgment is overruled and plaintiff is given 20 days to supplement the record, if no additions to the record are made, defendant may move for judgment.