## Gulentz v. Nationwide Insurance Co.

*Cyril T. Garvey,* for plaintiff.
*William C. Kuhn,* for defendant.

FORNELLI, *J.,* October 9, 1984 — Plaintiff has brought an assumpsit action in her own right and as administratrix of the estate of her deceased, minor son against defendant no-fault insurance carrier seeking basic loss benefits in the form of survivor's benefits and work loss pursuant to sections 202(b) and (d), July 19, 1974, P.L. 489, no. 176, art. II, §202; 40 P.S. §1009.202 of the Pennsylvania No-fault Motor Vehicle Insurance Act (hereinafter act).

Defendant filed a summary judgment motion on October 23, 1981 denying an obligation to pay benefits and denying the existence of a dependent survivor within the meaning of the act. Plaintiff filed an answer to the motion and praeciped the matter for December, 1981 argument court. The docket is silent thereafter until defendant filed a second summary judgment motion alleging that work loss benefits had been paid to decedent's estate but again asserting the non-existence of a dependent

survivor qualifying for survivor's benefits.[1]

Plaintiff's answer to this summary judgment motion admitted receipt of the work loss benefits but reasserted plaintiff mother's right to receive survivor loss benefits and attorney's fees. Plaintiff attached her affidavit in support thereof and also moved for summary judgment on her own behalf for the survivor's loss benefits, interest and attorney's fees. Both motions are now before this court.

A summary judgment can be sustained only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Pa. R.C.P. 1035(b); Thompson Coal Company v. Pike Coal Company, 488 Pa. 198, 204, 412 A.2d 466, 468 (1980). Summary judgment is granted only in the clearest of cases, where the right is clear and free from doubt. Thompson Coal Company v. Pike Coal Company, 488 Pa. 198, 204, 412 A.2d 466, 468 (1980). Allen v. Colautti, 53 Pa. Commw. 392, 398, 417 A.2d 1303, 1306-07 (1980).

In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 245, 376 A.2d 247, 249-50 (1977), citing McFadden v. American Oil Com-

---

1. The parties at oral argument stated that the first summary judgment was held in abeyance by agreement awaiting appellate decision on whether the estate of a deceased victim is entitled to work loss benefits. The Supreme Court of Pennsylvania in Freeze v. Donegal Mut. Ins. Co., 504 Pa. 218, 470 A.2d 958 (1983), held that an estate is so entitled, affirming the same holding by the Superior Court at 301 Pa. Super. 344, 447 A.2d 999 (1982).

pany, 215 Pa. Super. 44, 48-49, 257 A.2d 283, 286 (1969).

The pleadings, interrogatories and affidavit filed in this case establish that plaintiff was the natural mother of her deceased son, a widow, and unemployed at his death. Plaintiff's son died on June 5, 1980 at the age of 15 having completed his sophomore year in high school. During the two previous springs and the previous summer he was employed by Clepper Convalescent Home, Inc. at minimum wage which at times amounted to full time employment. (Answers to interrogatories to plaintiff numbers 1, 2, 6, 8, 10 and 14).

At the time of decedent's death, he resided with his mother. Her sole income consisted of $308.70 received monthly from Social Security by reason of her caring for decedent. Her son, too, received Social Security benefits as the surviving dependent of a deceased worker in the amount of $308.70. These benefits were direct deposited into the mother's bank account. The son also received $61 monthly from the Veteran's Administration and it, too, was deposited into his mother's account. Plaintiff mother's only other income was a $155.29 monthly pension check received as a surviving widow from her husband's employer and approximately $39.13 per month from interest on a savings account.

Thus, at her son's death, the mother had $872.82 in monthly income of which $678.40 was attributable to her 15-year old son. By reason of the son's death, both of the Social Security payments were terminated. The Veteran's Administration check was also terminated, leaving her with a monthly income of $194.42 to meet monthly expenses which included $106.50 mortgage, $55.55 taxes, $61.84 insurance and hospitalization, plus all of her other necessities such as food, utilities and clothing.

(a)

Based on these undisputed facts, the motions call upon us to determine whether the mother was dependent upon her deceased minor son so as to make her a "survivor" and thus, to qualify for survivor's loss benefits under the No-fault Act.

Under the act, a survivor is entitled to receive survivor's loss benefits in an amount not to exceed $5,000 if an accident resulting in injury occurs within this Commonwealth. 40 P.S. §1009.201(a) and 1009.202(d).

"Survivor" is defined as a: "(A) spouse; or (B) child, *parent*, mother, sister, or relative *dependent upon* the deceased for support." 40 P.S. §1009.103 (Emphasis added).

The act defines "survivor's loss" as: (A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; . . ." 40 P.S. §1009.103.

Under the facts of this case, there is no doubt that plaintiff mother sustained "survivor's loss" as defined in the act. Her son received the $308.20 per month Social Security survivor's benefits under section 402(d) of the Social Security Act, 42 U.S.C. §402(d) as the surviving son of a formerly covered deceased worker. It is undisputed that he contributed all of his Social Security survivor's benefits and his Veteran's Administration survivor's benefits to his mother. Moreover, plaintiff's right to receive her own $308.70 monthly Social Security benefits was dependent upon caring for her minor son, the dependent of a deceased worker under section 402(g) of the Social Security Act; 42 U.S.C. §402(g). All these were lost by reason of the death of her son.

However, proof of "survivor's loss" (loss of income contributed by the decedent victim) is not sufficient

to establish a right to recovery of survivor's loss benefits. To recover under section 202 of the act, section 201 requires that one must also be a "survivor" as defined by section 103 of the act.[2] That definition requires that, unlike a spouse, a child, parent, brother, sister, or relative of a deceased victim must show dependency on the victim as a condition of eligibility for survivor's loss benefits. 40 P.S. §1009.103. Chesler v. Government Employees Insurance Company, 503 Pa. 292, 469 A.2d 560 (1983). Midboe v. State Farm Mutual Automobile Insurance Company, 495 Pa. 348, 352, 433 A.2d 1342, 1344-45 (1981). Plaintiff, therefore, must be found to be dependent upon her deceased son as a pre-condition to recovery of survivor's loss.

The intent of the words "dependent upon the deceased for support" in the definition of "survivor" in section 103 must be ascertained from the legislature's stated intent, the plain wording of the statute, and the legislative history of the No-fault Act. Ryman v. State Farm Mutual Automobile Insurance Company, 22 D.&C.3d 318, 323 (1982); Dennis v. Ohio Casualty Insurance Company, 61 Westmoreland 28, 32 (1977).

The court in Ryman at pages 323-24 quoted from page 32 of Dennis:

". . . Though the statute creates a dependency test for non-spouse survivors, and thereby limits the eligibility more severely than in the cases of surviving spouses, the statute cannot be so narrowly construed as to frustrate the purpose of the statute. The legislature has determined that one of the purposes of the act is to assure payment of victims who actually demonstrate a survivor's loss . . . the test is not to become an impenetrable barrier against recovery

2. See definition on p. 5 supra.

by one who was substantially dependent upon the decedent for *some* of life's necessities. It should be noted that within the Workmen's Compensation cases and within the cases decided under the Survivor's Act cases, as well as in domestic relations cases, dependency is a *relative* concept and always viewed against the facts of the particular case." (Emphasis supplied.)

We agree with Dennis that the act does not require plaintiff be dependent upon her son for all of her support. It is sufficient she be dependent upon him for some of life's necessities.

Our courts have similarly construed the dependency requirements for survivors under the Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended 77 P.S. § 1 et seq. The test of dependency for parents within the meaning of the act is whether the child's earnings were needed to provide the parents with *some* of the ordinary necessities of life suitable for persons in their class and position. No. 1 Contracting Corp. v. Workmen's Compensation Appeal Board, 74 Pa. Commw. 340, 460 A.2d 374, 377 (1983); Walzer v. Workmen's Compensation Appeal Board, 69 Pa. Commw. 468, 451 A.2d 799, 801 (1982).

Michigan construed the dependency requirements of its no-fault insurance statute,[3] as a precondition for receipt of no-fault survivor's loss benefits in Vovak v. Detroit Automobile Inter-Insurance Exchange, 98 Mich. App. 81, 296 N.W.2d 193 (1980). There decedent resided with his parents at the time of his death and contributed to the household expenses as in the instant case. Decedent's father, age 62, only received as regular income Social Security payments of $233 per month,

---

3. M.C.L. §500.3108; M.S.A. §24.13108.

supplemented by some income as a part-time sales agent, suggesting a modest income as in the instant case. Decedent's mother was in her late 50's and unemployed at the time of decedent's death, having been employed outside the home for only one or two years of her adult life. The court there found both parents as dependent and eligible for survivor's loss benefits, relying on their age and work experience of the parties as relevant factors.

In the case at bar, plaintiff asserts in support of her motion that the facts in her affidavit are not opposed by defendant. Once a motion for a summary judgment is made, a party may not rely upon the controverted allegations of the pleadings. Pa.R.C.P. 1035(d); Phaff v. Gerner, 451 Pa. 146, 149, 303 A.2d 826, 829 (1973). Where facts contained in an affidavit filed by the movant are not disputed by any opposing affidavits, the trial court is bound to conclude that there is no genuine issue as to any of the material facts contained in the affidavit. Pa.R.C.P. 1035(d); Phaff v. Gerner, 451 Pa. 146, 149, 303 A.2d 826, 828 (1973).

However, merely because a party does not oppose by affidavit or deposition a factually supplemented motion for summary judgment, it does not necessarily follow that the motion must be granted. Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 246-47, 376 A.2d 247, 250 (1977). Pa.R.C.P. 1035(d) provides that if the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against him. Amabile v. Auto Kleen Car Wash, 249 Pa. Super. 240, 247, 376 A.2d 247, 250 (1977).

In the instant case, the court believes that this is not an appropriate case in which to grant a summary judgment for either plaintiff mother or defendant on the issue of the mother's dependency as a pre-requisite to recover survivor's loss.

Plaintiff claims she was substantially dependent upon the monies received through her son. There is no doubt she suffered a real loss of funds by reason of her son's death. She alleges in her affidavit facts which establish that since her son's death her monthly expenses are $223.84 excluding food, utilities and clothing while her income is only $194.42 per month. Her son's death reduced the monies she received from the $872.83 per month to the $194.42 per month. These facts appear to establish a substantial financial dependency. Her son's death resulted in a loss of greater than 77 percent of her monthly income and reduced her to a level that appears to be far below that needed to meet necessities.

It is obvious that had decedent been an employed adult who gave $678.40 from his wages to his mother each month she would qualify as his dependent survivor. Defendant argues, however, that since the source of the $678.40 was the Social Security Administration and the Veteran's Administration it somehow changes the obvious fact that she depended heavily upon this $678.40 for her support as well as his. Regardless of the source of the money, it is obvious she suffered a real financial loss when it terminated. It is also clear that these monies contributed by the son went to their joint benefit in the form of housing, food and utilities.

Plaintiff's recovery of survivor's loss would not result in a windfall to one who suffered no real financial loss contrary to the intent of the No-fault Act. See Midboe v. State Farm Mutual Automobile Insurance Company, 495 Pa. 348, 358, 433 A.2d 1342, 1348 (1981). Rather, it would compensate a real loss sustained by the death.

Defendant argues that the tax returns filed in this case show plaintiff claimed her son as a dependent

not vice versa. However, one should not confuse dependency for tax purposes with dependency within the meaning of the no-fault law.

We also agree with the court in Dennis that the fact that the source of $617.40 of the $678.40 per month attributable to the son comes from Social Security survivor's benefits does not disqualify plaintiff's claim for survivor's loss. Dennis v. Ohio Casualty Insurance Company, 61 Westmoreland 28 at 32-33 (1977).

Whether the source of approximately 77 percent of her income is Social Security payments or a trust established for the child's benefit terminable on death does not change the fact that she can be at least partly dependent upon such payments. Moreover, defendant centers its argument on the purpose of the Social Security Act payments. Even if defendant were correct, there still remains the issue of the mother's dependency upon the $61 per month Veterans Administration monies contributed to her by her son.

In Dennis, the court refused to grant summary judgment for a no-fault insurer on the dependency issue in an action by a mother for survivor's loss. In that case, the mother's deceased son contributed to her only $1 per day from his service station earnings. She also received $102 per month in Social Security payments for the use of her son. We, too, find defendant's summary judgment request inappropriate. As in Dennis, it cannot be said without doubt that plaintiff is unable to prove dependency upon the deceased victim. Thus, defendant's motion for summary judgment will be denied.

Plaintiff's request for summary judgment in her favor must also be denied. It cannot be said from the record before us that her right to recover survivor's benefits is clear because her dependency and loss

cannot be resolved without doubt from the undisputed facts before us.

It does appear that plaintiff mother was dependent on her son. However, the appearance of the existence of dependency is not sufficient to permit entry of summary judgment. Even one who presumed to be dependent is not relieved of the burden of proving damages up to the $5,000. Wercoch v. Liberty Mutual Insurance Company, 287 Pa. Super. 45, 429 A.2d 712 (1981), overruled on other grounds, Antanovich v. Allstate Insurance Company, 320 Pa. Super. 322, 467 A.2d 345 (1983). This requires proof not just of the loss of income which the deceased victim would probably have provided his mother. Such loss must be also reduced by the expenses which the survivor would probably have incurred but avoided by reason of the victim's death. Id. 429 A.2d at p. 712.

No evidence has been presented as to such expenses saved, nor is there any evidence of the mother's age or work experience as bearing on dependency.[4] It is not probable that the expenses saved by her son's death exceed the contributions he made to her, but it is not for the court to determine such probabilities on a summary judgment motion especially where no facts as to those expenses have been submitted.

Absent evidence of the expenses plaintiff saved by the death of her son, it cannot be said on the basis of the existing record she has suffered an actual

---

4. Dependency under the definition of survivor's loss encompasses not only contributions of income but also of services. A survivor may also prove expenses she has incurred, if any, since the victim's death in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for the survivor's benefit. 41 P.S. § 1009.103.

economic loss. Dennis v. Ohio Casualty Insurance Company, 61 Westmoreland 28, 32 (1977). The trial of this case may well (and probably will) reveal that the payments received by plaintiff as benefits derived from her son exceeded the monthly cost of maintaining decedent. In such case, plaintiff will have established dependency and an economic loss which in light of her modest circumstances will probably entitle her to recovery of the entire statutory $5,000 amount. However, this cannot be here determined. Thus, summary judgment for plaintiff mother's survivor loss benefits is not appropriate and will be denied.

### (b)

Plaintiff also requests a summary judgment awarding her attorney's fees incurred in bringing this action as provided in section 1009.107(3) of the act. Attorney's fees are recoverable under the act only where a no-fault insurer has denied a claim without reasonable foundation. Solomon v. Sentry Insurance Company, 324 Pa. Super. 329, 333, 471 A.2d 863, 866 (1984).

Further, where a nonfrivolous issue is one of first impression, such fact is entitled to substantial weight in determining whether denial of a claim is without reasonable foundation. Hayes v. Erie Insurance Exchange, 261 Pa. Super. 171, 176, 395 A.2d 1370, 1372 (1978). Defendant asserts that the novelty of the instant circumstances justifies the nonpayment of the survivor's loss benefits, and consequently, the non-payment of the accompanying attorney's fees.

Defendant has exaggerated the novelty of this case since there is existing case law which addresses this issue, albeit lower court cases. However, it is true, as defendant further argues, that plaintiff has yet to furnish the required proof as to the amount of

her compensable loss in that the expenses saved by the son's death have not been submitted.

Under section 106(a)(2) of the act payments are not overdue until 30 days after reasonable proof of the fact and amount of the loss sustained. 40 P.S. §1009.106(a)(2). Thus, the survivor's loss cannot be deemed overdue or a basis for attorney's fees under section 107(1). 40 P.S. §1009.107(1). Nor can the court hold that defendant's refusal to pay in light thereof was "without reasonable foundation" as is required for attorney's fees under section 107(3) of the act. 40 P.S. §1009.107(3).

Since plaintiff as a survivor of a deceased victim is not automatically entitled to collect the maximum survivor's loss benefits pursuant to the No-fault Act, an award of legal fees and expenses would be improper prior to a determination of dependency and loss. 40 P.S. §1009.107(3). Wercoch v. Liberty Mutual Insurance Company, 287 Pa. Super 45, 53, n. 4, 429 A.2d 712, 715, n. 4 (1981). Thus, defendant's refusal to date is not so unreasonable as to entitle plaintiff to attorney's fees. Plaintiff's request for summary judgment as to this issue is refused.

Hence, this

## ORDER

And now, this October 9, 1984, plaintiff's motions for summary judgment are refused. Defendant's motion for summary judgment is refused.